```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| TABITHA GENTRY a/k/a ABKA RE BEY, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | No. 13-2171-JTF/dkv |
| BILL OLDHAM, | ) ) | |
| Respondent. | ) ) ) | |

```
                    ORDER OF DISMISSAL
                            AND
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```

On March 18, 2012, Petitioner Tabitha Gentry, a/k/a Abka Rey Bey, booking number 13612246, who was at that time a pre-trial detainee at the Shelby County Jail East ("Jail East"), through Unas Sebhket Re El and Amunnubi Mintahre El Bey, filed a habeas petition under 28 U.S.C. § 2254 and paid the filing fee. (ECF Nos. 1 & 2.) The Clerk shall record the respondent as Bill Oldham.[1] The Clerk shall not issue any process.

On March 8, 2013, Petitioner Gentry was charged with aggravated burglary, theft of property, and criminal trespass. According to the Shelby County Court Case Information website, Gentry made bond

---

[1] Although the petition names the Shelby County Department of Correction, Shelby County General Sessions Court, and Louis Montesi as additional respondents, the only proper respondent to a habeas petition is the petitioner's custodian. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18, 159 L. Ed. 2d 513 (2004). The Clerk is directed to terminate the Shelby County Department of Correction, Shelby County General Sessions Court, and Louis Montesi as parties to this case.

on that case. State of Tennessee v. Gentry, No. 13-01548. On May 1, 2013, Gentry's bond was revoked pending a mental evaluation, due to her behavior in Shelby County Criminal Court during her appearance on an unrelated charge of assaulting a police officer. State of Tennessee v. Gentry, No. 13-01547.

This habeas petition contends that Gentry was kidnapped and held hostage, rather than arrested. (ECF No. 1 at 3.) It is unclear what relief she seeks.

Petitioner Gentry has not yet been tried and has no judgment of conviction. Consideration of this habeas petition would interfere with ongoing state criminal prosecutions. See generally Ex Parte Royall, 117 U.S. 241 (1886).

To the extent Gentry seeks dismissal of her indictment, the Court construes Petitioner's claims as a petition for habeas corpus under 28 U.S.C. § 2241, which affords a remedy for pre-trial detainees. For a state prisoner who challenges "the very fact or duration of his physical imprisonment and [who] seeks . . . immediate release or a speedier release from that imprisonment, [the] sole federal remedy is a writ of habeas corpus." Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985)(quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Although a habeas petition is the only remedy for a state prisoner seeking relief from prosecution, Gentry cannot obtain dismissal of her state indictment through this habeas petition.

Twenty-eight U.S.C. § 2241 affords a remedy under limited circumstances for state pre-trial detainees, but not under the circumstances alleged by this Petitioner. See Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484 (1973). See also Norton v. Parke, 892 F.2d 476, 478 n.5 (6th Cir. 1989); Atkins v. State of Mich., 644 F.2d 543, 546 & n.1 (6th Cir. 1981). Braden does not permit a prisoner to circumvent state remedies or the state criminal process by resolving in a federal habeas forum issues or defenses that should first be presented to a state court in defense of a pending prosecution. Norton, 892 F.2d at 479 n.6; Atkins, 644 F.2d at 546-47. At the very least, the "federal court should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson v. State of La., 816 F.2d 220, 225 (5th Cir. 1987).

In this case, the Petitioner has not exhausted her state remedies. Indeed, she has not yet been tried. A petitioner has failed to exhaust her available state remedies if she has the opportunity to raise her claims by any available state procedure. Preiser, 411 U.S. at 494-95. To exhaust her state remedies, the applicant must have presented the very issue on which she seeks relief from the federal courts to the courts of the state that she claims is wrongfully confining her. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Dickerson, 816 F.2d at 228. Cf. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(holding that exhaustion requirement mandates

3

presentation of all claims to state court through discretionary review process). Petitioner has the continuing right to assert any claims or defenses in the state trial court and on direct appeal from any final judgment of conviction.

Accordingly, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition for writ of habeas corpus is DENIED.

The Court must also decide whether Petitioner is entitled to a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c)(1)(A), "an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner obtains a certificate of appealability. Pursuant to § 2253(c)(2), a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Although "this obviously does not require that the Petitioner show that [s]he should prevail on the merits," the petitioner must nonetheless "demonstrate that the issues are debatable among jurists of reason; that a Court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 890, 893 (1983). See Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1069-73 (6th Cir. 1997)(holding that district

courts should apply the standards set forth in Barefoot when determining whether to issue a certificate of appealability).

In this case, Petitioner presents clearly unexhausted claims that would interfere with an ongoing state criminal prosecution. Petitioner cannot present on appeal a question of some substance about which reasonable jurists could differ. The Court, therefore, declines to issue a certificate of appealability.

The Court must also decide whether Petitioner is entitled to proceed in forma pauperis on appeal. The Sixth Circuit has concluded that the various filing fee requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, but it has not resolved in a published opinion whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. U.S., No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because

the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2254 or § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. P. 24. Fed. R. App. P. 24(a)(3) provides that a party who was permitted to proceed in forma pauperis in the district court may proceed on appeal in forma pauperis unless the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis.  In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[2]

IT IS SO ORDERED this 2nd day of May, 2013.

*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. See Fed. R. App. P. 24(a)(5).